IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARCUS BROWN,                    )
                                 )
            Plaintiff,           )
                                 )
      v.                         )    No. 06 C 5915
                                 )
PATRICK FIRMAN, et al.,          )
                                 )
            Defendants.          )

<u>MEMORANDUM ORDER</u>

Marcus Brown ("Brown") has tendered a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint against several defendants affiliated with the Lake County Jail ("Jail"). This Court learned of that filing only as the result of its monthly ordering of a printout of cases pending on its calendar. This memorandum order is issued because Brown's submission is defective in certain respects:

    1. Only the original Complaint has been tendered, even though all litigants (whether or not represented by counsel) are required to furnish additional photocopies (a) for the Judge's chambers file and (b) for service on each of the named defendants.

    2. Brown has used a pencil to fill out the form of Section 1983 Complaint provided by this District Court's Clerk's Office, so that the text of his handwritten inserts is so faint as to be barely readable. In addition, the

faint text will not scan to comply with the electronic filing system now in use.

But before Brown addresses those matters, his very tendering of his Complaint has triggered his obligation to pay the $350 filing fee pursuant to 28 U.S.C. §1915.[1] To that end this Court has reviewed his In Forma Pauperis Application ("Application") and its accompanying printout of all transactions in his trust fund account at the Jail for the six-month period ended September 14, 2006,[2] and this memorandum order turns to that subject.

Because the trust fund printout reveals that the larger of the two alternatives referred to in Section 1915(b)(1) is the average of the monthly deposits to Brown's account--the sum of $112.50--the required initial partial filing fee payment is 20% of that amount, or $22.50. Accordingly Brown is assessed that initial fee of $22.50, and the Jail trust fund officer is ordered to collect that amount from Brown's trust fund account there and

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Although Section 1915(a)(2) calls for a prisoner's provision of such a printout for the six-month period preceding the filing of a complaint, there is an unexplained gap of 1-1/2 months between the preparation of the Application and printout and the Clerk's Office's receipt of the Complaint. Because the two different six-month periods would be unlikely to generate significantly different calculations, this memorandum order will deal with the last six months actually covered by the printout.

2

to pay it directly to the Clerk of Court ("Clerk"):

>           Office of the Clerk
>           United States District Court
>           219 South Dearborn Street
>           Chicago IL 60604
>
>           Attention:  Fiscal Department

After such payment the trust fund officer at the Jail (or at any other correctional facility where Brown may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.  Both the initial payment and all future payments shall clearly identify Brown's name and the 06 C 5915 case number assigned to this action.  To implement these requirements, the Clerk shall send a copy of this order to the Jail trust fund officer.

With that issue resolved, this memorandum order returns to the substance of the Complaint.  As nearly as this Court can make out from Brown's faint submissions, he has not stated any claim of a constitutional violation, which is the only type of claim that can be advanced under Section 1983.  Accordingly this Court dismisses the Complaint and this action sua sponte, as is permitted by 28 U.S.C. §1915A(b), and returns the Complaint to

Brown because of the likelihood that he has not retained a copy himself (if he had done so, it would seem probable that he would have provided copies for the Court as well).

If Brown wishes to try again, he will have to supply legible documents and comply with the other requirements indicated in this memorandum order. But if he does so, he will not be saddled with a second filing fee--instead his continuing payment toward the $350 fee for this action will be treated as satisfying his Section 1915 responsibility for the new lawsuit.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 7, 2006

4